IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SONJA R. KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0788-WS-B |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 45). The defendant has filed a brief and evidentiary materials in support of its position, (Docs. 46-49), and the plaintiff elected not to respond. (Doc. 50). After carefully considering the foregoing, the Court concludes that the motion for summary judgment is due to be granted.

## BACKGROUND

According to the complaint, the defendant discriminated against the plaintiff on the basis of race when it denied her promotion to the position of property inventory officer. The plaintiff asserted claims under Title VII, Section 1981 and unidentified state law, (Doc. 1 at 1), but she later withdrew all but the Title VII claim. (Doc. 14 at 3). The defendant argues that this claim is barred by the statute of limitations.

## DETERMINATIONS OF UNCONTROVERTED FACT

The plaintiff knew she had been denied the promotion by the end of May 2006. (Plaintiff's Deposition at 64-65). She learned that a white female had received the position "sometime around the beginning of June." (*Id*. at 124). Her EEOC charge of

discrimination is dated by her as December 15, 2006.  (*Id*., Exhibit 11).

## **CONCLUSIONS OF LAW**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).  "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608 (internal quotes omitted).

Although the plaintiff has filed no opposition to the defendant's motion, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).  "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but ... must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101-02.

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...." 42 U.S.C. § 2000e-5(e)(1). "A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. ... [I]t is merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). Failure to file a timely charge entitles the defendant to summary judgment. *E.g., Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1394 (11th Cir. 1998); *accord Wilson v. Bailey*, 934 F.2d 301, 304 n.1 (11th Cir. 1991) ("Failure to file a timely complaint with the EEOC mandates the dismissal of the Title VII suit.").

"Under equitable tolling, Title VII's statute of limitations does not start to run until a plaintiff knew or reasonably should have known that she was discriminated against." *Carter v. West Publishing Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000). Thus, the latest date the 180-day period could possibly begin to run is when the plaintiff realized that the position had been awarded to a white person. By her own admission, the plaintiff knew this in early June. From early June (or even June 15) to December 15 is over 180 days. Therefore, the plaintiff did not file a timely charge, and the defendant is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 4th day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE